237 F.2d 251
 Helen M. SCHENCK and Edith S. French, as Executrices of the Estate of James S. Busselle, deceased, Appellants,
v.
Walter F. GOING, Jr., and Eleanor T. Going, individually and as Trustees under an alleged trust dated May 30, 1951; and V. F. W. Post No. 3137 as intervening party defendant, Appellees.
 No. 7237.
 United States Court of Appeals Fourth Circuit.
 Argued October 9, 1956.
 Decided October 11, 1956.
 
 Thomas E. McCutchen, Columbia, S. C. (Whaley & McCutchen, Columbia, S. C., on the brief), for appellants.
 Charles B. Elliott, Columbia, S. C. (Fred D. Townsend, Columbia, S. C., on the brief), for appellees Walter F. Going, Jr., and Eleanor T. Going.
 Luther M. Lee, Columbia, S. C., for appellee V. F. W. Post No. 3137.
 Before PARKER, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment for defendants in an action to set aside a trust indenture executed by one James S. Busselle, which was attacked on the grounds of mental incapacity, undue influence and revocation. The case was heard at length before a Special Master, appointed by the court, who found that Mr. Busselle was mentally capable of understanding and executing the trust indenture and that no fraud or undue influence was exercised upon him in connection with its execution. The case was reviewed by the District Judge, who overruled exceptions to the report of the Special Master and confirmed the report.
 
 
 2
 There is nothing in the record which would justify us in disturbing the concurrent findings of the Special Master and the District Judge upon what are pure questions of fact sustained by ample testimony. The trust indenture was not subject to revocation and there was no evidence of fraud or undue influence. Mr. Busselle was an aged man and the evidence establishes that he unquestionably suffered at times from mental weakness and aberration. On the other hand there was abundant evidence, including the evidence of reputable physicians and the probate judge of the county, that he possessed sufficient mental capacity at the time of the execution of the trust indenture to understand the nature and quality of the act in which he was engaging and its effect upon his property and upon those who were the natural objects of his bounty. The indenture itself was not an unreasonable one, but made provision for his support in his old age, for a minor gift to a veterans' organization in which he was interested and for the education of children of certain of his relatives with remainder to these children if the funds were not used for their education. The instrument was drafted by a reputable attorney who was named as a trustee and who received nothing under the instrument except the usual compensation for services to be rendered as trustee. The rule applicable was well stated by the Supreme Court of South Carolina in Du Bose v. Kell, 90 S.C. 196, 71 S.E. 371, 376, as follows:
 
 
 3
 "`In order to render a deed void upon the ground of the mental incapacity of the grantor, it must appear that there was on his or her part such mental infirmity as to render him or her incapable of understanding the nature of the act. The test is not whether the grantor's mental powers were impaired, but whether, at the very time of the execution of the deed, he had sufficient capacity to understand in a reasonable manner the nature and effect of the act which he was performing. Mere infirmity of mind or body, not amounting to an incapacity to understand the nature and consequence of the act done, will not render a person incapable of executing a valid deed. Nor will monomania or delusion existing in the mind of the grantor affect the validity of a deed, unless it be such as to actually influence his mind in the very transaction in question by rendering him incapable of appreciating the true nature and effect of the particular act in controversy.'"
 
 
 4
 It is not without significance in the case that the plaintiff Edith French accepted from Mr. Busselle a deed conveying to her his home in New York some months after the trust indenture was executed and that the will under which she and her co-plaintiff are acting as executrices of Mr. Brusselle and are claiming the residue of his property was executed more than a year and nine months after the execution of the trust indenture. If he was competent to execute the deed and will under which they are claiming, it is difficult to see under the evidence why he should not be held competent to execute the trust indenture.
 
 
 5
 Affirmed.